UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUIS CORLEY,

                Plaintiff,

      -against-

N. CEPADA,

                Defendant.

25-CV-0770 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees.[1] At the time he filed this action, he was detained at the Sullivan County Jail as a prisoner.[2] (*See* ECF 1.) The Court has learned, however, that Plaintiff is no longer in custody. His IFP application therefore does not reflect Plaintiff's current financial circumstances. Accordingly, the Court directs Plaintiff to submit an amended IFP application or pay the filing fees with 30 days of the date of this order.

## DISCUSSION

As Plaintiff is no longer in custody, "'there is no prison account from which to calculate and debit the required [installment] payments'" required under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (quoting *McGann v. Comm'r*, 96 F.3d 28, 29-30 (2d Cir. 1996)).

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Corley v. Cepada*, No. 9:24-CV-1151 (N.D.N.Y. Jan. 21, 2025). By order dated January 21, 2025, the Northern District transferred the action to this court. (ECF 13.)

[2] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

> Thus, the PLRA's payment scheme cannot be extended beyond the moment of a prisoner's release, and [Section] 1915(b) must be read to require that once a prisoner is no longer incarcerated, either he pay the entire remaining amount of the filing fee or his obligation to pay fees is determined as it would be for any non-prisoner.

*Id.* (citing *McGann*, 96 F.3d at 30). As the PLRA's "payment regime . . . end[s] once a prisoner [is] released[,] . . . [r]equiring a just-released prisoner to pay the entire balance of the fee in a single payment is 'a result that would be more onerous than that imposed on those who remain incarcerated.'" [3] *Id.* (*McGann*, 96 F.3d at 30). The Court therefore directs Plaintiff to complete and submit the attached amended IFP application or pay the $405.00 in fees.

## CONCLUSION

The Court directs Plaintiff to submit the attached amended IFP application, so the Court may consider Plaintiff's current ability to pay the filing fees; in the alternative, if Plaintiff can now afford the filing fees, he must pay the $405.00 in fees.[4]

If Plaintiff submits an amended IFP application, it should be labeled with docket number 25-CV-0770 (LTS). If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff fails to comply with this order, by filing the amended IFP application within 30 days, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Other provisions of the PLRA *do* apply even though Plaintiff is no longer in custody, including the so-called "three strikes" provision delineated in 28 U.S.C. § 1915(g). *Harris*, 607 F.3d at 22 (holding that the "application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated"). Thus, if this action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, Section 1915(g) will apply. *See Harris*, 607 F.2d at 22.

[4] To proceed with a civil action in this court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or file an IFP application.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 10, 2025
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(Full name(s) of the plaintiff or petitioner applying (each person must submit a separate application)

-against-

_____

_____

_____
(Full name(s) of the defendant(s)/respondent(s).)

_____ CV _____ ( ) ( )
(Enter case number and initials of assigned judges, if available; if filing this with your complaint, you will not yet have a case number or assigned judges.)

**AMENDED
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* ("IFP") (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?* ☐ Yes   ☐ No   (If "No," go to Question 2.)

    I am being held at: _____

    Do you receive any payment from this institution? ☐ Yes   ☐ No

    Monthly amount: _____

    If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed? ☐ Yes   ☐ No

    If "yes," my employer's name and address are:

    Gross monthly pay or wages: _____

    If "no," what was your last date of employment? _____

    Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

    (a) Business, profession, or other self-employment   ☐ Yes   ☐ No
    (b) Rent payments, interest, or dividends            ☐ Yes   ☐ No

SDNY Rev: 12/12/2014

|   |   |   |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____  _____
Dated                        Signature

_____  _____
Name (Last, First, MI)       Prison Identification # (if incarcerated)

_____  _____
Address        City          State        Zip Code

_____  _____
Telephone Number             E-mail Address (if available)

IFP Application, page 2